UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| WOODARD & CURRAN, INC. AND CONTINENTAL CASUALTY COMPANY,<br><br>PLAINTIFFS<br><br>v.<br><br>CATE STREET CAPITAL, INC. AND WESTCHESTER SURPLUS LINES INSURANCE COMPANY,<br><br>DEFENDANTS | CIVIL NO. 2:15-CV-10-DBH |

**REPORT OF PRE-FILING CONFERENCE UNDER LOCAL RULE 56(h)**

A Local Rule 56 pre-filing conference was held on January 6, 2015.

The plaintiffs' Complaint asserts a total of four counts arising from Maine contract law and appears before this court pursuant to diversity jurisdiction under 28 U.S.C. § 1332(a).

The first Count seeks a declaratory judgment pursuant to 28 U.S.C. § 2201, Fed. R. Civ. P. 57, and M.R.S.A. §§ 5951–5963 determining the existence and enforceability of a settlement agreement between the plaintiffs and both defendants.

The second Count seeks damages for breach of contract concerning the alleged settlement between the plaintiffs and both defendants.

The third and fourth Counts seek damages from the defendant Cate Street for breach of contract for failing to indemnify and defend the plaintiffs in a civil action brought against them as defendants in Wyoming.

All parties plan to file cross-motions for summary judgment.  I told the lawyers at the conference that if they truly believe the material facts are not in dispute, they should file a stipulated record and respectively move for judgment on that stipulated record.  Otherwise, given the rules that govern the drawing of inferences on cross-motions for summary judgment (always draw the factual inference against the moving party), they run the substantial risk that I will have to deny all the motions, and their time, effort, and fees will have been wasted.  See Boston Five Cents Sav. Bank v. Sec'y of Dep't of Hous. & Urban Dev., 768 F.2d 5, 12 (1st Cir. 1985) (encouraging district courts "specifically to draw counsel's attention in an appropriate case to the limitations of the 'cross-motions for summary judgment' procedure").  Alternatively, they could agree that if there are any factual disputes, those could be tried to the bench.  However, no agreement on those matters was reached at the conference.  I also expressed skepticism that there is any real doubt that statements made in mediation or negotiations are admissible in evidence on the question whether an agreement was reached, given the language of Me. R. Evid. 408(b) and the First Circuit's interpretation of Fed. R. Evid. 408.  See Catullo v. Metzner, 834 F.2d 1075, 1079 (1st Cir. 1987) (exclusion of testimony regarding settlement negotiations in matters concerning whether a settlement agreement has been breached constitutes reversible error).  See also Fed. R. Evid. 408 advisory committee's note to 2006 amendment (citing Cates v. Morgan Portable Bldg. Corp., 708 F.2d

683 (7th Cir. 1985) (Rule 408 does not bar evidence of a settlement when offered to prove a breach of the underlying claim.)).

I approved the following schedule agreed to by the parties:

By January 20, 2016, the parties shall file the record, *i.e.*, the exhibits including deposition transcripts, documents, etc.

By February 3, 2016, the parties shall file all stipulated facts.

By February 17, 2016, the parties shall file their statements of material facts with respect to facts they have not been able to stipulate.

By March 2, 2016, the parties shall file their respective oppositions to the February 17 filings.

By March 23, 2016, the parties shall file their respective legal memoranda on their cross-motions for summary judgment.

By April 13, 2016, the parties shall file their respective responses to the cross-motions for summary judgment.

The parties agreed that reply briefs will not be necessary.

The court also grants the parties' respective requests to exceed the default page limit for their respective memoranda of law set forth in Local Rule 7(c).

**SO ORDERED.**

**DATED THIS 12TH DAY OF JANUARY, 2016**

/s/D. Brock Hornby
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**