UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| WOODARD & CURRAN, INC. AND<br>CONTINENTAL CASUALTY<br>COMPANY,<br><br>  PLAINTIFFS<br><br>v.<br><br>CATE STREET CAPITAL, INC. AND<br>WESTCHESTER SURPLUS LINES<br>INSURANCE COMPANY,<br><br>  DEFENDANTS | CIVIL NO. 2:15-CV-10-DBH |

**ORDER ON MOTION TO STRIKE JURY DEMAND**

At oral argument on cross motions for summary judgment, I denied the cross-motions from the bench, suggested bifurcation of the first two counts (the issue of whether there was an enforceable settlement agreement) from the last two counts (liability and damages if there was no settlement agreement), and inquired whether the parties wanted a jury trial on the first part of the case. (The plaintiffs had previously filed a jury demand as to the entire case.) One of the plaintiffs' lawyers immediately responded affirmatively, and one of the defendants' lawyers said that he wanted to consult with the client. He also suggested that inasmuch as the settlement agreement the plaintiffs were trying to enforce waived jury trial for all disputes,[1] the plaintiffs might not be entitled to a jury.

---

[1] "The Parties each irrevocably waive their rights to a trial by jury in any action, whether at law or equity, brought by either of them arising out of or related to this Agreement, directly or indirectly." See Stipulated R., Ex. 1 at 188 (ECF No. 43-1).

After the hearing, the parties filed a joint motion to bifurcate, (ECF No. 75), in the manner I had proposed. The defendant Westchester Surplus Lines Insurance Company also filed a motion to strike the jury demand, arguing that the plaintiffs were trying to enforce a settlement agreement that provided for an explicit jury waiver,[2] citing the First Circuit's statement in Medical Air Tech. Corp. v. Marwan Inv., Inc., 303 F.3d 11, 18 (1st Cir. 2002), that "some courts have applied a theory of equitable estoppel for suits against non-signatories arising out of the contract itself, reasoning that the party seeking the benefit of a contract could not refuse to be bound by a clause contained within it." Mot. to Strike or Limit Jury Demand at 4 (ECF No. 78). The defendant Cate Street Capital, Inc. filed a Response that said it took no position. (ECF No. 79). Neither of the plaintiffs responded to the Motion to Strike or Limit Jury Demand.

Under Local Rule 7(b), the plaintiffs are deemed to have waived objection to the motion to strike the jury demand. This may well have been a conscious decision given their effort to enforce the settlement agreement and its explicit jury waiver.

I now **GRANT** the motion to strike the jury demand. The trial on Counts 1 and 2 shall be non-jury.

**SO ORDERED.**

**DATED THIS 14TH DAY OF JULY, 2016**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[2] See quoted jury trial waiver provision, supra note 1.

2